IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARON HALE-WELLS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-4715 |
| | § | |
| | § | |
| WELLS FARGO SERVICES, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Defendant Wells Fargo Bank, N.A. has moved for an order dismissing this case because plaintiff Sharon Hale-Wells has failed to prosecute it. (Docket Entry No. 19). Hale-Wells has not filed a response to the motion or sought additional time to respond. The motion is granted, and the case is dismissed by separate order, for the reasons explained below.

**I.     Background**

Hale-Wells sued Wells Fargo, her former employer, on December 10, 2004, alleging pregnancy and race discrimination. Hale-Wells effected service in April 2005, and this court entered a scheduling order in August 2005. In September 2005, Wells Fargo requested documents from Hale-Wells under Rule 34 of the Federal Rules of Civil Procedure. Hale-Wells did not file a written response or produce documents. In September and October 2005, Wells Fargo sought dates for Hale-Wells's deposition; she did not respond.  In

November 2005, Wells Fargo noticed Hale-Wells's deposition. She notified defense counsel that she would not appear. In January 2006, the same thing happened. In February 2006, after a third notice of deposition issued, Hale-Wells again notified defense counsel that she would not appear. Wells Fargo sent a fourth deposition notice with a letter explaining that a failure to appear would lead to a motion to dismiss. Hale-Wells assured defense counsel the day before this fourth scheduled deposition that she would be attending, but cancelled on the day of the deposition. Wells Fargo filed this motion to dismiss on March 3, 2006. Hale-Wells has not responded or otherwise contacted this court.

## II.     Analysis

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may be either with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). A dismissal with prejudice is proper if the record shows the plaintiff engaged in "purposeful delay or contumacious conduct" and the imposition of lesser sanctions would either be futile or not in the best interest of justice. *Dorsey v. Scott Wetzel Servs., Inc.*, 84 F.3d 170, 171 (5th Cir. 1996); *Long*, 77 F.3d at 879–80. Under Rule 41(b), dismissal of an action with prejudice requires "a showing of a clear record of delay or contumacious conduct by the plaintiff, . . . and [that] lesser sanctions would not serve the best interest of justice." *Dorsey,* 84 F.3d at 171 (internal quotations omitted).

Dismissal without prejudice effectively acts as a dismissal with prejudice if the plaintiff would be unable to refile her suit at a later date because the limitations period on her claim had already expired. *See Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992) (stating that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used") (citation omitted); *see also Long*, 77 F.3d at 880. In *Berry,* the Fifth Circuit found that the district court's dismissal without prejudice of the plaintiff's Title VII claims was in fact a dismissal with prejudice because the limitations period had already run on the plaintiff's Title VII cause of action at the time of dismissal. 975 F.2d 1191. The Fifth Circuit also requires that at least one of three possible "aggravating" factors be present when dismissing an action with prejudice: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

Based on the record and the chronology of events in this case, this court grants Wells Fargo's motion to dismiss. Hale-Wells has not responded to the document request issued five months ago. Hale-Wells failed to appear for her deposition, despite notice, on four separate occasions. Wells Fargo has attempted to depose Hale-Wells since September 2005, without success. Hale-Wells has failed to respond to the motion to dismiss this case, a motion necessitated by her repeated failures to respond to discovery requests. As a result, discovery is at a standstill, resulting in inevitable delay.

The delay is caused by Hale-Wells's own actions, which are intentional. Defendant

Wells Fargo's case has been and would continue to be prejudiced by Hale-Wells's failure to prosecute and failure to provide documents or deposition testimony on her discrimination claims. The lawsuit arises from alleged employment discrimination that began in June 2003 and ended in May 2004. The continued delay frustrates Wells Fargo's ability to obtain evidence, as time passes and memories dim. This court has considered lesser sanctions in response to the delays in discovery and finds them to be inappropriate. Because Hale-Wells appears *pro se*, monetary sanctions against her personally would be inappropriate and risk excessive punishment. The record reflects Hale-Wells's repeated obstruction of the necessary discovery process and her failure to move her own claims forward. The Fifth Circuit has affirmed that such conduct may serve as the basis for a proper dismissal under Rule 41(b). *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980)

This court will dismiss this action with prejudice under Rule 41(b).

SIGNED on April 6, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge