IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARON HALE-WELLS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-4715 |
| | § | |
| | § | |
| WELLS FARGO SERVICES, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Plaintiff Sharon Hale-Wells has moved for reconsideration of this court's order dismissing her lawsuit for failure to prosecute. (Docket Entry No. 23). Defendant Wells Fargo Services has responded to her motion. (Docket Entry No. 24). Based on the parties' submissions, the record, and the applicable law, the motion for reconsideration is denied for the reasons explained below.

**I.     Background**

Hale-Wells filed this employment discrimination lawsuit alleging pregnancy and racial discrimination against her former employer, Wells Fargo. Hale-Wells filed the suit on December 10, 2004. On April 4, 2006 this court entered an order dismissing the suit for want of prosecution. (Docket Entry No. 21). This court found that Hale-Wells did not respond to Wells Fargo's requests for document production; did not cooperate in setting a date for deposition; and that on four separate occasions, when Wells Fargo noticed Hale-

Wells for deposition, Hale-Wells did not appear.  Wells Fargo moved to dismiss on March 3, 2006.  Hale-Wells did not respond to Wells Fargo's motion to dismiss in any way.  This court granted the motion to dismiss after finding that Wells Fargo had unsuccessfully attempted to obtain information from Hale-Wells through recognized discovery means from September 2005 through March 2006, and that Hale-Wells had repeatedly refused to cooperate in any discovery.  These delays prejudiced Wells Fargo's defense.  Given the repeated refusals to cooperate in discovery and the absence of any response to the motion to dismiss, a lesser sanction was not sufficient.

Four months after the court's order issued, Hale-Wells filed a motion to reconsider. She argues that unspecified health problems prevented her from pursuing her claim earlier. She states that these health problems were due to the loss of her job at Wells Fargo. Hale-Wells argues that she has pay-check stubs to support her claim and attaches to her reconsideration motion a timeline of events.

**II.    Analysis**

This court must first determine whether Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure applies.  The Fifth Circuit has provided the following guidance:

> As we have noted previously, the Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" *in haec verba*.  We have consistently stated, however that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b).  Under which Rule the motion falls turns on the time at which the motion is served.  If the motion is served within ten days of the rendition of judgment, the motion falls

> under Rule 59(e); if it is served after that time, it falls under Rule 60(b).

*Anglin v. Local Union 1351*, 102 Fed. Appx. 367, 369 (5th Cir. 2004) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.14 (5th Cir. 1994) (en banc)). "The mover's failure to serve the motion within the ten day limit deprives the district court of jurisdiction to alter or reconsider its earlier judgment." *U.S. Leather, Inc. v. H & W P'ship*, 60 F.3d 222, 225 (5th Cir. 1995) (noting that the time limit for posttrial motions under Rule 59 is jurisdictional and neither the parties nor the court can extend it). Because Hale-Wells's motion for reconsideration was filed more than four months after the entry of judgment, this court must consider her motion as a motion for relief from judgment under Rule 60 rather than a motion to alter or amend the judgment under Rule 59(e). *Anglin*, 102 Fed. Appx. at 369–70.

Rule 60(b) allows a court to relieve a party from a final judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).  Rule 60(b) allows the trial court to "correct obvious errors or injustices" without requiring the parties to undertake appellate review.  *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977).  A party moving under Rule 60(b) must show "unusual or unique circumstances."  *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985).  Relief under Rule 60(b) is an extraordinary remedy; "the desire for a judicial process that is predictable mandates caution in reopening judgments."  *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (citing *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998)).  Only Rules 60(b)(1) and (b)(6) are applicable to this case.

Rule 60(b)(1) affords relief in cases of "mistake, inadvertence, surprise, or excusable neglect" on a motion made within one year of the judgment.  FED. R. CIV. P. 60(b)(1). "Gross carelessness is not enough.  Ignorance of the rules is not enough, nor is ignorance of the law."  *Pryor*, 769 F.2d at 287 (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2858, at 170 (2d ed. 1995)).  "[F]or the purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.  Because of the language and structure of Rule 60(b), a party's failure to file on time for reasons beyond his or her control is not considered to constitute 'neglect.'"  *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 394 (1993).

Hale-Wells asserts that the delay in prosecuting her claim was due to health problems beyond her control.  She states that she attempted to attend one of her noticed depositions but due to her health was unable to do so.  Hale-Wells drove from her home to the place of the

4

deposition, but when she approached the location she could not continue and had to return home. She also states that she could not produce the documents Wells Fargo requested because of her health. These assertions do not indicate that Hale-Wells made a mistake as to the various discovery deadlines, was ignorant of the rules, or was neglectful in responding to discovery. Rather, her arguments indicate that she tried to comply with Wells Fargo's requests, but was physically unable to participate. Hale-Wells's motion to reconsider does not fall under Rule 60(b)(1). *See Pioneer Inv. Servs. Co.*, 507 U.S. at 393–94.

Rule 60(b)(6) permits reconsideration for "any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b)(6) is available only if the relief sought is not within the coverage of another subsection of Rule 60(b); that is, the Rule 60(b)(6) catch-all is meant to apply when the other Rule 60(b) provisions do not. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 n.11 (1988); *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002). Rule 60(b)(6) is "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted), *cert. denied*, 517 U.S. 1221 (1996). Courts have interpreted the rule narrowly, holding that Rule 60(b)(6) relief will be granted only "if extraordinary circumstances are present." *United States ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005) (finding that the district court had erred in granting a Rule 60(b)(6) motion on the ground that a change in decisional law following judgment was an extraordinary circumstance requiring reconsideration); *cf. Liljeberg*, 486 U.S. at 864 (granting a Rule 60(b)(6) motion when the district judge had

5

violated a statute requiring recusal).

Hale-Wells apparently argues that her health problems are extraordinary circumstances under Rule 60(b)(6). Hale-Wells does not specify or describe the type of illness she had or how it affected her. Hale-Wells does not articulate why her health condition prevented her from scheduling or attending a deposition, responding to document requests, responding to the motion to dismiss, or even seeking an extension from the court. In short, she has failed to provide information or evidence about her illness that would support an extraordinary circumstance finding. *See Shaffer v. Williams*, 794 F.2d 1030, 1033–34 (5th Cir. 1986) (affirming the district court's denial of a Rule 60(b)(6) motion, which argued that plaintiff's illness and hospitalization prevented him from responding to summary judgment); *Smith v. Johnson*, No. 00-10019, 2001 WL 43520, at *3 (5th Cir. Jan. 3, 2001) (unpublished opinion) (affirming the district court's denial of habeas petitioner's Rule 60(b)(6) motion claiming that his mental incompetence was an extraordinary circumstance justifying relief where petitioner failed to provide any evidence of his mental state). Hale-Wells's motion for reconsideration does not provide a basis for setting aside the judgment.[1]

---

[1] Attached to the motion for reconsideration is a timeline of events with the names of individuals relevant to Hale-Wells's claim. She does not indicate why she failed to produce this document when Wells Fargo made their original request. The Fifth Circuit has expressly held that the court's equitable powers under Rule 60(b)(6) "do not extend to considering evidence that could have been presented at trial." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995) (citing *United States v. 329.73 Acres of Land, More or Less*, 695 F.2d 922, 926 (5th Cir. 1983)). The timeline provides no support for reconsideration.

## III.     Conclusion

Hale-Wells has not established a claim for relief under Rule 60(b).  The motion for reconsideration is denied.

SIGNED on October 19, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge